IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JEFFREY PIMENTEL,** | : | CIVIL ACTION NO. 1:15-CV-2061 |
| **Plaintiff** | : | (Chief Judge Conner) |
| v. | : | |
| **NANCY A. BERRYHILL, Acting, Commissioner of Social Security,**[1] | : | |
| **Defendant** | : | |

## MEMORANDUM

Plaintiff Jeffrey Pimentel ("Pimentel") brings this action against defendant Nancy A. Berryhill, the acting Commissioner of Social Security ("Commissioner"), appealing the final decision of the Social Security Administration denying his claims under the Social Security Act for a period of disability and disability insurance benefits. Before the court is the report (Doc. 21) of Magistrate Judge Karoline Mehalchick recommending the court deny Pimentel's appeal. Also before the court are Pimentel's objections (Doc. 22) to the report and the Commissioner's responses (Doc. 23) thereto. The court will adopt the report over Pimentel's objections and deny his request for remand.

### I. Legal Standard

"A district court may 'designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed

---

[1] Carolyn W. Colvin ("Colvin") was Acting Commissioner of Social Security when the instant action was filed against her in her official capacity. On January 23, 2017, Nancy A. Berryhill succeeded Colvin as Acting Commissioner. Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted as the defendant in this action. See FED. R. CIV. P. 25(d).

findings of fact and recommendations for the disposition' of certain matters pending before the court." Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011) (quoting 28 U.S.C. § 636(b)(1)(B)). The magistrate judge "shall file [her] proposed findings and recommendations . . . with the court." Id. (quoting 28 U.S.C. § 636(b)(1)(C)). The district court must perform a *de novo* review of any portions of the report contested by the parties. See Behar v. Pa. Dep't of Transp., 791 F. Supp. 2d 383, 389 (M.D. Pa. 2011) (citing 28 U.S.C. § 636(b)(1)(C); Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989)). Uncontested portions of the report may be accepted as long as there is no clear error on the face of the record. See Cruz v. Chater, 990 F. Supp. 375, 376-78 (M.D. Pa. 1999).

An individual may appeal to the district court a final administrative determination of entitlement to social security benefits. 42 U.S.C. § 405(g). The court must affirm the decision of the administrative law judge when her conclusions are supported by substantial evidence. 42 U.S.C. § 405(g); Zirnsak v. Colvin, 777 F.3d 607, 610 (3d Cir. 2014). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (quoting Rutherford v. Barnhart, 399 F.3d 546, 552 (3d Cir. 2005)). It is "more than a mere scintilla but may be somewhat less than a preponderance of the evidence." Rutherford, 399 F.3d at 552. The court is bound by the administrative law judge's findings, when supported by substantial evidence, even if the court "would have decided the factual inquiry differently." Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001).

**II. <u>Discussion</u>**

Pimentel lodges a fourfold objection to Judge Mehalchick's conclusions, asserting that she erred: *first*, in suggesting that the administrative law judge correctly found Pimentel does not have marked restrictions in social functioning; *second*, in determining that the administrative law judge did not err by assigning little weight to the disability determination of the Department of Veterans Affairs (the "VA"); *third*, in finding that the administrative law judge's credibility determination of Pimentel's testimony as to the intensity, persistence, and limiting effects of his symptoms, including the effects of his medications, was adequately supported; and *fourth*, in failing to consider that the administrative law judge's hypothetical question was deficient because the restriction to work consisting of "the performance of simple, routine, repetitive tasks" is insufficient to accommodate a finding of moderate limitations in concentration, persistence, or pace. (<u>See</u> Doc. 22 at 1-10). The court will address the objections, and clarify certain observations in the magistrate judge's report, *seriatim*.

**A. Objection 1: Level of Restriction in "Social Functioning" and "Concentration, Persistence, or Pace"**

*First*, the court rejects Pimentel's argument that the administrative law judge incorrectly found Pimentel does not have marked restrictions in social functioning. (<u>Id.</u> at 2-4). The administrative law judge did not improperly assign little weight to the opinions of treating physicians Drs. David G. Petkash ("Petkash") and Steven H. Williams ("Williams") with regard to whether Pimentel had marked difficulties maintaining social functioning. *Per contra*, the administrative law judge pointed to

3

substantial evidence in the record, particularly from the treatment notes of Drs. Petkash and Williams and the conservative course of treatment prescribed, in determining that Pimentel's mental functioning loss was vastly overestimated. (Doc. 9-2 at 16-17; Doc. 21 at 21-22); see also 20 C.F.R. § 404.1527(C)(3)-(4). The administrative law judge identified substantial evidence in the record to support a deviation from the general requirement that treating sources be afforded controlling weight. See 20 C.F.R. § 404.1527(C)(1)-(2). The administrative law judge adequately addressed the weight afforded to the medical opinions of Pimentel's treating sources and properly assigned Pimentel a rating of moderate impairment in social functioning.

According to Judge Mehalchick, the administrative law judge's analysis "failed to adequately identify sufficient rationale" to support a finding that Pimentel does not have marked impairment in concentration, persistence, or pace. (Doc. 21 at 18). Judge Mehalchick observed and the undersigned agrees that the administrative law judge incorrectly focused on Pimentel's abilities with respect to tasks more commonly associated with daily living rather than the workplace. (See id. at 18-19). The report notes that substantial evidence *may* support the administrative law judge's finding but suggests that he erred in failing to focus on activities more germane to the workplace. (Id. at 19).

Our *de novo* review of the record reveals that substantial evidence does exist to support a determination that Pimentel experienced only moderate impairment in concentration, persistence, or pace. The record is replete with evaluations by Pimentel's treating physicians that he exhibited qualities relevant to success in a

4

work environment. The treating physicians regularly describe Pimentel as interpersonally appropriate with no signs of impulsivity, (Doc. 9 at 359, 364, 366, 368-71, 374, 378, 381-82, 385), and goal oriented with clear and coherent thought processes, (id. at 400, 715, 756, 1831, 1936). In his February 2014 evaluation, Dr. Williams found that Pimentel had a "limited but satisfactory ability" in four categories of mental abilities and aptitudes needed to do unskilled work. (Id. at 1975). Likewise, Dr. Williams also found that Pimentel was "seriously limited but not precluded" in eight such categories and only found Pimentel "unable to meet competitive standards" in four such categories. (Id.) Dr. Petkash endorsed this evaluation. (Id. at 1978).

State agent opinions merit significant consideration. Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 361 (3d Cir. 2011) (citing SSR 96–6p; 20 C.F.R. §§ 404.1527(f), 416.927(f)). The administrative law judge carefully evaluated the opinion of state agency psychological consultant Dr. Emanuel Schnepp and determined which portions of his opinion were supported by the record. (See Doc. 9 at 18). The administrative law judge found Dr. Schnepp's analysis to be consistent with, and supported by, the record as a whole, with regard to the opinion that Pimentel's health disorders caused no more than moderate difficulties in maintaining concentration, persistence, or pace. (Id. at 18). The report outlines Dr. Schnepp's

5

various findings with regard to Pimentel's ability to function in the workplace while completing unskilled tasks. (Doc. 21 at 9-10).[2]

    **B.    Objection 2: Weight Assigned to VA Disability Rating Determination**

*Second*, the administrative law judge pointed to substantial evidence in support of his decision to assign little weight to the disability determination of the VA. The VA disability rating determination is not binding but it is ordinarily entitled to substantial weight. Kane v. Heckler, 776 F.2d 1130, 1135 (3d Cir. 1985). Although a VA rating determination is not a medical opinion, it must be considered by the administrative law judge. Durden v. Colvin, 191 F. Supp. 3d 429, 446 (M.D. Pa. 2016); McCleary v. Colvin, 187 F. Supp. 3d 497, 541-43 (M.D. Pa. 2016) (citing SSR 06–03p). However, there are substantive differences between the disability determination requirements of the VA and the Social Security Administration. Durden, 191 F. Supp. 3d at 444-48. The administrative law judge explicitly acknowledged the VA's 100% disability rating and discussed it in comparison with the medical evidence in the record. (Doc. 9 at 20-21, 23). The court agrees with Judge Mehalchick's recommendation that the administrative law judge did not err in carefully considering but assigning lesser weight to the VA disability determination.

---

    [2] Pimentel characterizes Judge Mehalchick's report as "agree[ing] that the [administrative law judge] failed to show that substantial evidence supports a finding that [he] did not have marked restrictions in concentration, persistence, or pace." (Doc. 22 at 2). To the extent the report can be read as indicating Pimentel experiences marked limitation in the area of concentration, persistence, or pace, the court rejects this interpretation.

### C. Objection 3: Credibility Determination of Pimentel's Symptoms

*Third*, the administrative law judge's credibility determination regarding the purported effect of Pimentel's symptoms on daily living and social interactions is adequately supported. Pimentel argues that the ability to engage in activities generally performed in the privacy of one's own home or germane to daily living does not disprove his assertion that he cannot perform sustained *work* activities. (Doc. 22 at 7-8). However, the administrative law judge appropriately addressed Pimentel's ability to socialize with friends and family, go on vacation, use a computer, watch television as a leisure activity, and engage in some physical activity in his overall credibility determination. He also properly considered Pimentel's ability to live independently combined with the lack of corroborating evidence provided to substantiate purported limitations on daily activities. (Doc. 9 at 22-23).

The administrative law judge noted that, to the extent Pimentel's activities are truly as limited as alleged, "it is difficult to attribute that degree of limitation to [his] medical conditions, as opposed to other reasons, in view of the relatively weak medical evidence and other factors . . . including the claimant's noted noncompliance with abstinence from alcohol use and other treatment recommendations." (Id.) Furthermore, Pimentel's contention that the administrative law judge failed to discuss the side-effects of his medication is belied by the decision itself. (See id. at 20). The court agrees with Judge Mehalchick's assessment that the administrative law judge did not err in his credibility evaluation.

### D.     Objection 4: Adequacy of the Hypothetical Question

*Fourth*, Pimentel's objection to the administrative law judge's hypothetical question is unavailing.  An administrative law judge is required to submit to the vocational expert for evaluation all impairments medically established by the record.  Rutherford, 399 F.3d at 554 (citations omitted); Ramirez v. Barnhart, 372 F.3d 546, 552 (3d Cir. 2004) (citations omitted).  The Third Circuit has acknowledged that a limitation to "simple, routine tasks" in a hypothetical is adequate to account for moderate limitations in concentration, persistence, or pace.  McDonald v. Astrue, 293 F. App'x 941, 946-47, 946 n.10 (3d Cir. 2008) (nonprecedential); Menkes v. Astrue, 262 F. App'x 410, 412-13 (3d Cir. 2008) (nonprecedential).[3]  The court further noted that "performing a 'simple routine task' typically involves low stress level work that does not require maintaining sustained concentration."  Menkes, 262 F. App'x at 412.  The court agrees with Judge Mehalchick's reasoning that the administrative law judge properly accounted for Pimentel's moderate limitations in concentration, persistence, or pace in posing a hypothetical question that limited him to work consisting of simple, routine, repetitive tasks.

---

[3] The court acknowledges that nonprecedential decisions are not binding upon federal district courts.  Citations to nonprecedential decisions herein reflect that the court has considered the panel's *ratio decidendi* and is persuaded by same.

## III. Conclusion

Subject to the above clarifications, the court finds Judge Mehalchick's analysis to be thorough, well-reasoned, and fully supported by the record. The court will adopt the recommendation (Doc. 21) to affirm the Commissioner's decision. Pimentel's objections (Doc. 22) will be denied. An appropriate order shall issue.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated: September 27, 2017